IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **DEEP MARINE HOLDINGS, INC.,** § | **Case No. 09-39313** | |
| et al. § | | |
| § | **Jointly Administered** | |
| **Debtors.** § | **Chapter 11** | |

| | | |
|---|---|---|
| **DEEP MARINE 1, LLC** § | | |
| § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | |
| § | **Adversary No. 10-_____** | |
| **THE DEEP MARINE LIQUIDATING** § | | |
| **TRUST (AS SUCCESSOR TO DEEP** § | | |
| **MARINE TECHNOLOGY** § | | |
| **INCORPORATED, DEEP MARINE** § | | |
| **HOLDINGS, INC., DEEP MARINE 1, LLC,** § | | |
| **DEEP MARINE 2, LLC, DEEP MARINE 3,** § | | |
| **LLC, AND DEEP MARINE 4, LLC);** § | | |
| **GENERAL ELECTRIC CAPITAL** § | | |
| **CORPORATION; NOBLE DENTON** § | | |
| **MARINE, INC.; BNA MARINE** § | | |
| **SERVICES, LLC; OTTO CANDIES, LLC;** § | | |
| **B&J MARTIN, INC.; NREC POWER** § | | |
| **SYSTEMS, INC.; CAPROCK** § | | |
| **COMMUNICATIONS, INC.; BOLLINGER** § | | |
| **SHIPYARDS TEXAS CITY, LP;** § | | |
| **BOLLINGER FOURCHON, LLC;** § | | |
| **ARAMARK US OFFSHORE SERVICES,** § | | |
| **LLC; AND CROSSMAR, INC.** § | | |
| § | | |
| **Defendants.** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT (I) TO INTERPLEAD FUNDS, (II) TO DETERMINE EXTENT, VALIDITY, AND PRIORITY OF CLAIMS TO PROCEEDS OF THE DMT DIAMOND, AND (III) TO DETERMINE OWNERSHIP OF RELATED EQUIPMENT AND PROPERLY ALLOCATE PROCEEDS FROM SALE THEREOF**

Plaintiff Deep Marine 1, LLC ("DM1") files this Original Complaint (i) to Interplead Funds, (ii) to Determine Extent, Validity, and Priority of Claims to Proceeds of the DMT Diamond, and (iii) to Determine Ownership of Related Equipment and Properly Allocate Proceeds from Sale Thereof (the "Complaint") against the Deep Marine Liquidating Trust (as successor to Deep Marine Technology Incorporated ("DMT"), Deep Marine Holdings, Inc., Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC, and Deep Marine 4, LLC); General Electric Capital Corporation; Noble Denton Marine, Inc.; BNA Marine Services, LLC; Otto Candies, LLC; B&J Martin, Inc.; NREC Power Systems, Inc.; CapRock Communications, Inc.; Bollinger Shipyards Texas City, LP; Bollinger Fourchon, LLC; Aramark U.S. Offshore Services, LLC; and Crossmar, Inc. (together, the "Defendants") as follows:

## I. PARTIES

1. DM1 is a debtor and debtor-in-possession in the above captioned jointly administered bankruptcy case by virtue of having filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 4, 2010.

2. The Defendants allege secured claims or surcharge claims against the proceeds of the sale of the DMT Diamond and Related Equipment[1] (the "Diamond Proceeds"), and can be served as follows:

---

[1] "Related Equipment" shall be given the precise meaning ascribed to it in the purchase and sale agreement attached hereto as Exhibit A.

(a) Defendant the Deep Marine Liquidating Trust ("Liquidating Trust") may be served with process by serving John Bittner, Liquidating Trustee, 1717 Main Street, Suite 1500, Dallas, TX 75201.

(b) Defendant General Electric Capital Corporation may be served with process by serving its vice president, Dale Shores, 3 Capital Dr., Eden Prairie, MN 55344.

(c) Defendant Noble Denton Marine, Inc.[2] may be served with process by serving its general counsel and registered agent, Jeff Goebel, 5177 Richmond Ave., Ste. 900, Houston, TX 77056.

(d) Defendant BNA Marine Services, LLC may be served with process by serving its president and registered agent, Jacob J. Breaux, 1101 Hickory St., Morgan City, LA 70380 .

(e) Defendant Otto Candies, LLC may be served with process by serving its manager and registered agent, Paul B. Candies, 17271 Hwy. 90, Des Allemands, LA 70030.

(f) Defendant B&J Martin, Inc. may be served with process by serving its president and registered agent, Gail M. Martin, 18104 West Main St., Galliano, LA 70354.

(g) Defendant NREC Power Systems, Inc. may be served with process by serving its vice president and registered agent, Bryan F. Chaisson, 5222 Hwy. 311, Houma, LA 70360.

---

[2] The records on file with the Secretary of State of Texas indicate that this entity did not survive a merger effective at 11:59 p.m. on December 31, 2009. The successor entity is "Noble Denton Management Services, Inc."; however, the name used on the proof of claim filed by this entity ("Noble Denton Marine, Inc.") will be used for purposes of this Complaint and in this adversary proceeding. On January 19, 2010, the name "Noble Denton Management Services, Inc." was changed to "GL Noble Denton, Inc." according to Secretary of State filings. "Noble Denton Marine, Inc." shall be construed to mean "Noble Denton Management Services, Inc." or "GL Noble Denton, Inc." as and if appropriate. The service information given is for GL Noble Denton, Inc.

(h) Defendant CapRock Communications, Inc. may be served with process by serving its vice president and general counsel, Alan Aronowitz, 4400 S. Sam Houston Parkway E., Houston, TX 77048.

(i) Defendant Bollinger Shipyards Texas City, LP[3] may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

(j) Defendant Bollinger Fourchon, LLC may be served with process by serving its registered agent, L. Clifton Dickerson, 1402 Mark Dr., P.O. Box 241, Lockport, LA 70374.

(k) Defendant Aramark U.S. Offshore Services, LLC[4] may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

(l) Defendant Crossmar, Inc. may be served with process by serving its registered agent, Ogden Thomas, 1950 S. Van Ave., Houma, LA 70363.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is a proceeding arising in or related to a case under the Bankruptcy Code. Pursuant to Federal Rule of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 7008(a), DM1 states that this is a core proceeding within the meaning of 28 U.S.C.

---

[3] The records on file with the Secretary of State of Texas indicate that this entity's name is actually "Bollinger Texas City, L.P."; however, the name used on the proof of claim filed by this entity ("Bollinger Shipyards Texas City, LP") will be used for purposes of this Complaint and in this adversary proceeding. "Bollinger Shipyards Texas City, LP" shall be construed to mean "Bollinger Texas City, L.P." if appropriate, and vice versa.

[4] Although Aramark U.S. Offshore Services, LLC filed only an unsecured proof of claim against the estate of DM1, it has advised the Debtors that it intends to claim a lien against the DMT Diamond.

§ 157(b)(2)(A), (B), (C), (K), and (O).  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 cases this proceeding relates to are pending in this district.

### III.  RELEVANT BACKGROUND FACTS

4.  On December 4, 2009 (the "Petition Date"), the Deep Marine Holdings, Inc. and certain of its affiliates (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

5.  On March 15, 2010, the Debtors filed their Joint Plan of Reorganization (doc. no. 295) (as modified and amended, the "Plan").

6.  Also on March 15, 2010, the Debtors filed their Motion for (a) Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (iii) Approving Form and Notice Thereof, and (b) Entry of an Order After the Sale Hearing (i) Authorizing the Debtors to Sell Their Assets, (ii) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases and (iii) Granting Related Relief (the "Sale Motion") (doc. no. 296).

7.  On March 30, 2010, the Debtors filed their Joint Disclosure Statement for the Debtors' Proposed Joint Plan of Reorganization (the "Disclosure Statement") (doc. no. 339), as well as their Motion for Entry of an Order (i) Approving Disclosure Statement, (ii) Determining Dates, Procedures, and Forms Applicable to Solicitation Process, (iii) Establishing Vote Tabulation Procedures, and (iv) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan (the "Solicitation Procedures Motion") (doc. no. 342).

8.  On April 12, 2010, the Court entered its Order Approving Debtor's Motion for Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date, and (iii) Approving Form and Notice Thereof (the "Bid Procedures

Order") (doc. no. 363). Pursuant to the Bid Procedures Order, the Debtors published notice of the entry of the Bid Procedures Order, Auction,[5] and Sale Hearing in the national edition of the Wall Street Journal.

9. On April 29, 2010, the Court entered its order approving the Disclosure Statement as well as the solicitation procedures set forth in the Solicitation Procedures Motion (the "Solicitation Procedures Order") (doc. no. 421).

10. The Debtors conducted an auction (the "Auction") on May 17, 2010, in accordance with the Bid Procedures Order. At the Auction, Seacor Marine, LLC ("Seacor") offered what the Debtors, in consultation with the Official Unsecured Creditors Committee (the "Committee"), determined to be the highest and best bid for the purchase and sale of one of the Debtor's vessels, the DMT Diamond. Seacor has agreed to pay a total of $10,000,000.00 (ten million USD) for the DMT Diamond and the Related Equipment, as evidenced by the purchase and sale agreement dated May 27, 2010 and attached hereto as **Exhibit A**.

11. On June 2, 2010, the Court conducted the Sale Hearing to consider the sale of substantially all of the Debtors' assets, including the proposed sale of the DMT Diamond and the Related Equipment to Seacor free and clear of all Interests or Claims (the "Diamond Sale").

12. Also on June 2, 2010, the Court entered its Order Confirming Debtors' Joint Plan of Reorganization and Approving Sale of Substantially All Assets (the "Confirmation Order") (doc. no. 516), thereby approving the Diamond Sale. The Confirmation Order provides that DM1 shall initiate an adversary proceeding (the "Diamond Adversary Proceeding") to interplead the Diamond Proceeds into the Court's registry within ten (10) business days of the date the Confirmation Order is entered (June 2, 2010), and that "the extent, validity, and priority of all

---

[5] Capitalized terms not otherwise defined herein shall be given the meaning ascribed to them in the Plan, Disclosure Statement, Bid Procedures Order, or Solicitation Procedures Order (as hereinafter defined), as applicable.

Claims to the Diamond Proceeds (including, without limitation, and with respect to Deep Marine 1, LLC, all Maritime Senior secured Claims, the Secured Mortgage Claim of GE, all Maritime Junior Secured Claims, all Other Secured Claims, all claims for surcharge under 11 U.S.C. § 506(c), and all Administrative Claims required to be paid in accordance with the Plan) shall be determined in the Diamond Adversary Proceeding." (Confirmation Order ¶ 39).

13. General Electric Capital Corporation has filed a $13,796,587.31 secured claim (claim no. 8 in case no. 09-39315) against the DMT Diamond based on an alleged secured promissory note for which the DMT Diamond served as collateral.

14. Otto Candies, LLC has filed a $5,668,890.54 secured claim against the DMT Diamond (claim no. 3 in case no. 09-39315) based on seaman's wages allegedly paid by Otto Candies, LLC.

15. The Liquidating Trust, as successor to DMT, claims an interest in the Diamond Proceeds by virtue of DMT's ownership of the Diamond ROV.[6]

16. In addition, the Liquidating Trust is asserting surcharge claims under 11 U.S.C. § 506(c) against the DMT Diamond which have yet to be resolved, but are likely to be in excess of $1 million.[7]

17. The remaining Defendants have filed secured proofs of claim alleging a maritime and or other lien against the DMT Diamond owned by the estate of DM1, either directly by filing a claim against the estate of DM1 (Case No. 09-39315) or indirectly by filing a claim against the estate of DMT (under the jointly administered Case No. 09-39313) as follows:

---

[6] The Liquidating Trust will provide the precise amount owed to it by virtue of DMT's ownership of the Diamond ROV in its answer to this Complaint.

[7] The Liquidating Trust will provide a specific statement of necessary and reasonable costs, fees, and expenses related to the preservation and disposition of the DMT Diamond together with its answer to this Complaint.

  (a)  Noble Denton Marine Inc. has filed a $66,801.29 secured claim against the DMT Diamond (claim no. 1 in case no. 09-39315);

  (b)  BNA Marine Services, LLC has filed a $340,141.04 secured claim against the DMT Diamond (claim no. 2 in case no. 09-39315);

  (c)  B&J Martin, Inc. has filed a $70,008.75 secured claim against the DMT Diamond (claim no. 5 in case no. 09-39315);

  (d)  NREC Power Systems, Inc. has filed a $1,519.21 secured claim against the DMT Diamond (claim no. 6 in case no. 09-39315);

  (e)  CapRock Communications, Inc. has filed a $278,505.47 secured claim against the DMT Diamond (claim no. 7 in case no. 09-39315);

  (f)  Bollinger Shipyards Texas City, LP has filed a $266,978.97 secured claim against the DMT Diamond (claim no. 103 in case no. 09-39313);

  (g)  Bollinger Fourchon, LLC has filed a $474,268.36 secured claim against the DMT Diamond (claim no. 104 in case no. 09-39313); and

  (h)  Crossmar, Inc. has filed a secured claim against the DMT Diamond in the amount of $154,790.09 (claim no. 120 in case no. 09-39313)[8].

## IV.  COUNT ONE: INTERPLEADER

18.  To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

19.  The Diamond Proceeds are subject to competing creditor claims as more fully described above. DM1 has received conflicting demands for the Diamond Proceeds and is uncertain as to the person or persons who are legally entitled to such proceeds. Accordingly, DM1 seeks to interplead the Diamond Proceeds into the registry of the Court in order to

---

[8] Claim no. 120 in case no. 09-39313 amends claim no. 106 in case no. 09-39313.

streamline the legal proceedings necessary to determine how and to whom those funds should be distributed.

## V.  COUNT TWO: DETERMINE EXTENT, VALIDITY, AND PRIORITY OF CLAIMS TO PROCEEDS OF THE SALE OF THE DMT DIAMOND

20. To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

21. As stated above, the Diamond Proceeds are subject to various competing claims. The Debtors have not determined the extent, validity and priority of the competing claims to the Diamond Proceeds.  Accordingly, pursuant to the Confirmation Order, DM1 requests that the Court determine the extent, validity and priority of the claims asserted against the Diamond by the Defendants in this adversary proceeding as provided by Bankruptcy Rule 7001(2).

## VI.  COUNT THREE: DETERMINE OWNERSHIP OF RELATED EQUIPMENT AND PROPERLY ALLOCATE PROCEEDS FROM SALE THEREOF

22. To the extent necessary or appropriate, the foregoing paragraphs are incorporated herein.

23. As stated above, the Related Equipment was sold together with the DMT Diamond.  However, the Debtors have not yet determined the owner or owners of the Related Equipment or whether any portion of the Related Equipment serves as collateral for any loans or is otherwise subject to secured claims.[9]  Accordingly, DM1 seeks an order from the Court determining ownership of the Related Equipment and allocating that portion of the Diamond Proceeds that are proceeds of the sale of the Related Equipment (the "Related Equipment Proceeds") properly to the owner, or among the owners, of the Related Equipment.

## VII.  REQUESTED RELIEF

24. In accordance with the pleadings set forth herein, DM1 requests:

---

[9] The Liquidating Trust will provide this information together with its answer to this Complaint.

HOUSTON\2390379.4                -9-

(a) that the Court allow DM1 to interplead the Diamond Proceeds into the registry of the Court;

(b) that the Court determine the extent, validity, and priority of the claims alleged by the Defendants against the DMT Diamond whether alleged directly or indirectly,

(c) that Court determine ownership of the Related Equipment and allocate the Related Equipment Proceeds properly to the owner, or among the owners, of the Related Equipment; and

(d) that the Court award any other legal or equitable relief to DM1 as may be appropriate under the circumstances.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: */s/ Marcy E. Kurtz*
    Marcy E. Kurtz
    Texas Bar No. 11768600
    Marcy.Kurtz@bgllp.com
    William A. (Trey) Wood III
    Texas Bar No. 21916050
    Trey.Wood@bgllp.com
    Jason G. Cohen
    Texas Bar No. 24050435
    Jason.Cohen@bgllp.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone:   (713) 223-2300
    Facsimile:   (713) 221-1212

**ATTORNEYS FOR THE DEBTORS**