IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re:<br><br>DEEP MARINE HOLDINGS, INC., et al.<br><br>　　　　　Debtors. | §§§§§§§ | Case No. 09-39313<br><br>Jointly Administered<br>Chapter 11 |
| DEEP MARINE 1, LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE DEEP MARINE LIQUIDATING TRUST (AS SUCCESSOR TO DEEP MARINE TECHNOLOGY INCORPORATED, DEEP MARINE HOLDINGS, INC., DEEP MARINE 1, LLC, DEEP MARINE 2, LLC, DEEP MARINE 3, LLC, AND DEEP MARINE 4, LLC); GENERAL ELECTRIC CAPITAL CORPORATION; NOBLE DENTON MARINE, INC.; BNA MARINE SERVICES, LLC; OTTO CANDIES, LLC; B&J MARTIN, INC.; NREC POWER SYSTEMS, INC.; CAPROCK COMMUNICATIONS, INC.; BOLLINGER SHIPYARDS TEXAS CITY, LP; BOLLINGER FOURCHON, LLC; ARAMARK US OFFSHORE SERVICES, LLC; AND CROSSMAR, INC.<br><br>　　　　　Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Adversary No. 10-03271 |

# OTTO CANDIES, L.L.C.'S ANSWER TO THE DEEP MARINE LIQUIDATING TRUST'S CROSS CLAIM & OBJECTIONS TO PROOFS OF CLAIMS OF CERTAIN DEFENDANTS

**NOW COMES** Otto Candies, L.L.C. ("Otto Candies") as cross defendant, and files this answer to The Deep Marine Liquidating Trust's Cross Claim & Objections to Proofs of Claims of Certain Defendants.

1. Otto Candies avers that the allegations of Paragraph 1 of the Cross Claim require no answer, but if an answer should be required, then the allegations are denied for lack of sufficient information to form a belief as to the truth of said allegations.

2. Otto Candies denies the allegations of Paragraph 2 of the Cross Claim for lack of sufficient information to form a belief as to the truth of said allegations.

3. Otto Candies avers that the allegations of Paragraph 3 of the Cross Claim contain conclusions of law that require no answer, but should an answer be required, then Otto Candies denies the allegations for lack of sufficient information to form a belief as to the truth of said allegations.

4. Otto Candies avers that the allegations of Paragraph 4 of the Cross Claim contain conclusions of law that require no answer, but if an answer should then Otto Candies denies the allegations of Paragraph 4 of the Cross Claim for lack of sufficient information to form a belief as to the truth of said allegations.

5. Otto Candies denies the allegations of Paragraph 5 of the Cross Claim for lack of sufficient information to form a belief as to the truth of said allegations.

6. Otto Candies denies the allegations of Paragraph 6 of the Cross Claim for lack of sufficient information to form a belief as to the truth of said allegations.

7. The allegations of Paragraph 7 of the Cross Claim require no answer, but should an answer be required, Otto Candies re-avers its responses to each of the preceding allegations of the Cross Claim.

8. Otto Candies avers that the allegations of Paragraph 8 of the Cross Claim require no response, but if a response is required, then the allegations of Paragraph 8 are denied for lack of sufficient information to from a belief to the truth of said allegations.

9. Otto Candies avers that the allegations of Paragraph 9 of the Cross Claim require no response, but if a response is required, then the allegations of Paragraph 9 are denied for lack of sufficient information to from a belief to the truth of said allegations.

10. Otto Candies avers that the allegations of Paragraph 10 of the Cross Claim require no response, but if a response is required, then the allegations of Paragraph 10 are denied for lack of sufficient information to from a belief to the truth of said allegations.

11. Otto Candies avers that the allegations of Paragraph 11 of the Cross Claim require no response, but if a response is required, then the allegations of Paragraph 11 are denied for lack of sufficient information to from a belief to the truth of said allegations.

12. Otto Candies avers that the allegations of Paragraph 12 of the Cross Claim require no response, but if a response is required, then the allegations of Paragraph 12 are denied for lack of sufficient information to from a belief to the truth of said allegations.

13. The allegations contained in Paragraphs 1 through 22 of the Objections to Proofs of Claim require no response from Otto Candies

**WHEREFORE**, Otto Candies, L.L.C. prays, that after due proceedings had, that there be judgment in favor of Otto Candies, L.L.C. finding that its preferred lien for seamen's wages should be paid out of the proceeds of the sale of DMT DIAMOND in preference and priority to any claim of the Deep Marine Liquidating Trust's or any other defendant, and that its general maritime lien for other services provided to the DMT DIAMOND be recognized by the Court and paid in preference and priority to any unsecured creditor and that the Court award any other legal and equitable relief to Otto Candies, as may be appropriate under the circumstances.

                                              **RESPECTFULLY SUBMITTED,**

*/s/Thomas S. Henderson*
**THOMAS S. HENDERSON**
**(TX Bar No. 09432300)**
Attorney at Law
South Tower, Pennzoil Place
711 Louisiana Street, Suite 3100
Houston, Texas 77002-2716
Telephone: 713.227.9500
Email: thenderson@tsh-atty.com

– AND –

**DAVID L. CARRIGEE (LA. Bar No. 3892)**
**KARL J. ZIMMERMANN (LA. Bar No. 14481)**
**JENA W. SMITH (LA. Bar No. 25255)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
Telephone:   504.569.2900
Facsimile:   504.569.2099
Email:       dcarrigee@bhbmlaw.com
Email:       karlz@bhbmlaw.com
Email:       smith@bhbmlaw.com

**COUNSEL FOR OTTO CANDIES, L.L.C.**
(B0384995.1)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served electronically upon all counsel of record subscribed to the Court's CM/ECF system in this case on this 31st day of August, 2010.

*/s/Thomas S. Henderson*