IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 09-39313 |
| DEEP MARINE HOLDINGS, INC.; et al. | § § § § | (Jointly Administered) |
| Debtors | § | Chapter 11 |

| | | |
|---|---|---|
| DEEP MARINE 1, LLC, | § § | |
| Plaintiff | § § | |
| v. | § § | |
| THE DEEP MARINE LIQUIDATING TRUST (AS SUCCESSOR TO DEEP MARINE TECHNOLOGY INCORPORATED, DEEP MARINE HOLDINGS, INC., DEEP MARINE 1, LLC DEEP MARINE 2, LLC, DEEP MARINE 3, LLC, AND DEEP MARINE 4, LLC); GENERAL ELECTRIC CAPTITAL CORPORATION; NOBLE DENTON MARINE, INC.; BNA MARINE SERVICES, LLC; OTTO CANDIES, LLC B&J MARTIN, INC.; NREC POWER SYSTEMS, INC.; CAPROCK COMMUNICATIONS, INC.; BOLLINGER SHIPYARDS TEXAS CITY, LP; BOLLINGER FOURCHON, LLC; ARAMARK US OFFSHORE SERVICES, LLC; AND CROSSMAR, INC., | § § § § § § § § § § § § § § § § § § § § | Adversary No. 10-3271 |
| Defendants | § | |

**GENERAL ELECTRIC CAPITAL CORPORATION'S
MOTION TO DISMISS DEEP MARINE 1, LLC AND REALIGN THE PARTIES**

914853-1

1

Defendant, General Electric Capital Corporation ("GE"), files this Motion to Dismiss Deep Marine 1, LLC ("DM1") and Realign the Parties and, in support thereof, shows as follows:

## INTRODUCTION

1. On June 16, 2010, DM1 filed Plaintiff's Original Complaint (i) to Interplead Funds, (ii) to Determine the Extent, Validity, and Priority of Claims to Proceeds of the DMT Diamond, and (iii) to Determine Ownership of Related Equipment and Properly Allocate Proceeds from the Sale Thereof docketed as Adversary No. 10-3271 ("Interpleader Suit"), seeking authorization to deposit into the registry of the court $10 million in sales proceeds from the Sale of GE's collateral, the DMT Diamond, which is subject to GE's United States first priority Preferred Mortgage and Deed of Covenants ("Diamond Mortgage"). Significantly, DM1 named as one of the defendants, the Deep Marine Liquidating Trust ("Liquidating Trust") and specifically alleged that the Liquidating Trust is successor-in-interest to DM1.

2. Since that time the DM1 has been succeeded in this adversary proceeding by the Liquidating Trust. Additionally, DM1 has no interest in the proceeds of the sale. Thus, DM1 should be dismissed from this lawsuit.

3. DM1 became the Plaintiff in this adversary when it filed the Interpleader Suit. Since that time GE, Otto Candies, the Junior Lienholders (hereinafter defined) and the Liquidating Trust have filed answers and cross claims in the suit. GE is seeking to recover the $10 million in proceeds from the sale of its collateral, and Otto Candies and the Junior Lienholders (hereinafter defined) are asserting claims to these same proceeds to pay their alleged maritime liens against the vessel. The Liquidating Trust, as the

914853-1

successor-in-interest to Deep Marine Technology, Inc. ("DMT") claims an interest in the proceeds based upon its contention that certain equipment on the vessel which was sold with the vessel belonged to DMT, which position is disputed by GE.

4. In most interpleader suits, the party interpleading the funds requests that it be dismissed since it is not a stakeholder in the outcome of the litigation. GE, the holder of the only consensual lien on the vessel and its proceeds, and the largest claim, is the real party in interest. The other defendants, with the exception of the Liquidating Trust, must establish both the validity and amount of their claims, as well as their entitlement to a lien, prior to a determination of lien priorities. It is neither necessary nor appropriate for DM1, as the interpleader, to participate in the trial of these issues.

5. For these reasons, GE requests that DM1 be dismissed from this suit, and the Court realign the parties designating GE as the plaintiff and the other three groups as defendants in the Interpleader Suit originally filed by DM1.

## BACKGROUND FACTS

6. On November 30, 2006, National City Commercial Capital Corporation ("National City") made a $15 million loan ("Diamond Loan") to Deep DM1 pursuant to a Loan Agreement ("Diamond Loan Agreement") also dated November 30, 2006, executed by DM1 and National City.

7. The Diamond Loan is evidenced by a Secured Promissory Note dated November 30, 2006. The Diamond Promissory Note was secured by (i) the "Diamond Mortgage; (ii) an Earnings Assignment covering, among other things, a Bareboat Charter Party dated April 22, 2005 between Deep Marine Technology and Otto Candies, LLC

("Otto Candies"); and (iii) an Insurance Assignment covering, among other things, all insurance proceeds with respect to the DMT Diamond.

8. On June 18, 2007, National City assigned all of its rights, title and interest in the Loan Agreement, Diamond Note, Diamond Mortgage and Insurance Agreement and related loan documents to GE.

9. In the latter part of 2009, DM1 failed to maintain the DMT Diamond in good working condition, in violation of the Diamond Mortgage. DM1 also defaulted on the Diamond Loan by failing to make payments timely as required by the Diamond Promissory Note.

10. Subsequently, DM1 filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 4, 2009.

11. The DMT Diamond was sold for $10 million to Seacor on or about July 9, 2010.

12. On June 16, 2010, DM1 filed the Interpleader Suit docketed as Adversary No. 10-3271 seeking authorization to deposit the $10 million in sales proceeds into the registry of the Court following the closing date for the sale of the DMT Diamond.

13. On July 19, 2010, Otto Candies filed an Answer and Cross-Claim to the Interpleader Suit asserting a lien on the vessel and making claim for a substantial portion of the sales proceeds based on wages it allegedly had paid seaman to operate the DMT Diamond on behalf of DM1 and, therefore, a claim for a portion of the sale proceeds.

14. In addition to the maritime lien asserted by Otto Candies a host of junior lienholders including Noble Denton Marine, Inc., BNA Marine Services, Inc., B&J Martin, Inc., NREC Power Systems, Inc., Caprock Communications, Inc., Bollinger

Shipyards Texas City, LP, Bollinger Fouchon, LLC, Aramark US Offshore Services, LLC, and Crossmar, Inc. (collectively, "Junior Lienholders") asserted liens against the DMT Diamond and, therefore, a claim for a portion of the sale proceeds.

15. GE has filed the following crossclaims against all of the defendants: (i) a crossclaim against the Junior Lienholders seeking a declaratory judgment that its preferred ship mortgage is superior to any alleged maritime liens held by these creditors, (ii) a crossclaim against Otto Candies seeking a declaratory judgment that its alleged maritime liens are invalid and or inferior to GE's mortgage along with other tort claims, and (iii) a crossclaim against the Liquidating Trust denying its interest in any proceeds from the sale of the LARS and disputing its surcharge claims.

16. GE as the first lienholder and the only consensual lienholder is the real party in interest. Since DM1 has no interest in the sales proceeds since it had no equity in the vessel and related parts. For these reasons, GE is requesting that DM1 be dismissed as plaintiff and the parties be realligned with GE as plaintiff based upon applicable law as described below.

17. Because (1) DM1 will likely deposit the sales proceeds for GE's Collateral, the DMT Diamond, into the registry or the Court; and (2) GE, Otto Candies, the Junior Secured Lienholders and the Liquidating Trust are all making a claim for a right to a some or all of the sale proceeds, GE is requesting this Court issue an Order dismissing DM1 from the case and to realign the parties as follows:

### MOTION TO DISMISS DM1

18. An interpleader action, such as the Interpleader Suit filed DM1, is proper where a party is exposed to multiple claims on a single obligation and wishes to obtain

914853-1

5

adjudication of such claims, and its obligation, in a single proceeding. *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993). Interpleader is an equitable remedy that may be used to achieve an orderly distribution of a limited fund, usually on a ratable basis. *Id.* at 588-89.

19. Once a court determines that interpleader is appropriate, it may discharge the stakeholder-plaintiff from the action if it is disinterested in the distribution of the subject matter. *Star Insurance Co. v. Cedar Valley Express, LLC*, 237 F.Supp. 38, 41 (D.C. Dist. 2002) (citing 28 U.S.C. 2361).

20. In the present action the Court has determined that interpleader is proper. It is also clear that DM1 is has no interest in the distribution of the DMT Diamond's sales proceeds.

21. The Liquidating Trust confirms DM1 is no longer interested in the outcome of this adversary proceeding in the preamble to LT's Answer, which provides:

> "… the Deep Marine Liquidating Trust (as successor to Deep Marine Holdings, Deep Marine Technology Incorporated, **Deep Marine 1, LLC**. Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC) (the "Liquidating Trust") files this Answer …."

See LT's Answer at p. 1. (Emphasis added.)

22. Because DM1 is disinterested in the distribution of the sale proceeds and its interests have been succeeded by the Liquidating Trust, dismissal of DM1 from this lawsuit is proper. Thus, GE moves this Court to issue an order dismissing DM1 from this adversary proceeding.

### REALIGN THE PARTIES

23. It is well settled that federal courts are not bound by the alignment of the pleader as to which parties will be plaintiffs and defendants. *Peters v. Standard Oil Co.*

914853-1

*of Texas*, 174 F.2d 162, 163 (5th Cir. 1949). Rather, the court will determine the relation of each party to the suit according to the nature of the party's interest. *Id*.; *Helm v. Zarecor*, 222 U.S. 32, 32 S.Ct. 10, 56 L.Ed. 77 (1911); *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

24. The difficulty of proving the non-existence of facts, or of establishing facts with evidence which is likely to be more accessible to the defendant are factors which courts have considered in the allocation of proof issues in bankruptcy matters. *Imel v. United States*, 169 B.R. 37, 38 (W.D. Tex. 1994) (citing *In re Haggerty*, 165 F.2d 977, 979 (2d Cir. 1948).

25. In determining whether to realign parties the court is not limited to the pleadings but must look beyond the pleadings to arrange the parties according to their interest in the suit. *Commercial Computer Services v. Datapoint Corp.*, 641 F.Supp, 1579, 1581 (M.D. La. 1986) (citing *City of Dawson v. Columbia Ave. Savings Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905).

26. In the present action in addition to GE, three groups, Otto Candies, the Junior Secured Lienholders, and the Liquidating Trust have all asserted claims against GE's collateral, i.e., the sale proceeds of the DMT Diamond. Unlike the other defendants, GE is the only holder of an undisputed secured claim. DM1 scheduled GE's secured claim. GE filed a proof of claim because, among other things, it was uncertain as to the value of its collateral at the time of the bar date. GE believes it is entitled to receive all of the sales proceeds based on the Diamond Mortgage.

27. In contrast, Otto Candies must prove the validity of and amount of its alleged maritime lien claims as well as the priority of its claims over GE as wells as the

other lien claimants. Finally, the Liquidating Trust is claiming a small portion of the sales proceeds for certain equipment related to the DMT Diamond that was sold that it contends was not subject to GE's security interest.

28. Reaching beyond the pleadings to determine the parties' interests and realigning GE as the plaintiff in this adversary is necessary, for three reasons.

29. First, GE should be realigned as the plaintiff and Otto Candies, the Junior Secured Lienholders and the Liquidating Trust as the defendants because they are two separate groups with two differing burdens of proof. On one side, GE holds an undisputed secured claim in excess of the sales proceeds of the DMT Diamond. Under applicable law, GE is entitled to all of the sales proceeds unless a defendant can prove it holds a maritme lien or other claim with higher priority. On the other side, Otto Candies, the Junior Secured Lienholders and the Liquidating Trust, must prove a right to the proceeds, the amount of their debt and the validity of their lien, as Defendants, if they are to recover any of proceeds from the sale of the DMT Diamond.

30. Second, realigning GE as the plaintiff will also provide on one side, a plaintiff that is seeking to recover the full extent of its collateral, and on the other, a group that is trying to take some of those proceeds, which will truly be pitting on side with similar interests against the other.

31. Finally, realigning GE as the plaintiff and Otto Candies, the Junior Secured Lienholders and the Liquidating Trust will favor judicial economy and simplify this litigation. At present, GE, Otto Candies, the Junior Secured Lienholders and the Liquidating Trust have been filing Cross Claims against each other on the same side of the litigation because DM1, an uninterested and uninvolved party, was the plaintiff.

Realigning GE as the plaintiff and the other parties as defendants will simplify the lawsuit by putting one side against the other, each side with similar interests.  One side can litigate against the other without filing confusing cross claims on the same side of the adversary proceeding in determining the extent, validity, and priority of liens and claims to properly allocate the proceeds from the sale DMT Diamond.

WHEREFORE, GE prays that this Court issue an Order dismissing DM1 from this lawsuit, order a realignment of the parties designating GE as the plaintiff and Otto Candies, the Junior Secured Lienholders, and the Liquidating Trust as defendants in the Interpleader Suit, and for all other equitable relief to which GE may be entitled  in law and equity.

Respectfully submitted,

ADAMS AND REESE LLP

By: */s/ Susan C. Mathews*
    John Duck *
    Federal Bar No. 17156
    Susan C. Mathews
    State Bar No. 05060650
    Michael N. Mire
    State Bar No. 24010757
    4400 One Houston Center
    1221 McKinney
    Houston, TX  77010
    Telephone:  (713) 652-5151
    Facsimile:  (713) 652-5152

*Attorneys for Defendant,*
*General Electric Capital Corporation*

---

* Admitted in the State of Louisiana.

914853-1

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties on the attached Service List via electronic file notification by the Clerk of the Court, except those parties as indicated (*), on this 3rd day of September 2010.

                                                                                          /s/ *Susan C. Mathews*
                                                                                           Susan C. Mathews

914853-1

**SERVICE LIST**

| <u>*Counsel for Plaintiff – Deep Marine 1, LLC*</u><br>Jason Gary Cohen<br>Bracewell & Giuliani LLP<br>711 Louisiana St, Ste 2300<br>Houston, TX 77002<br>713-221-1416<br>Fax : 713-222-3209<br>Email: jason.cohen@bgllp.com<br><br>Marcy E Kurtz<br>Bracewell & Giuliani LLP<br>711 Louisiana St, Ste 2300<br>Houston, TX 77002<br>713-221-1206<br>Fax : 713-221-2125<br>Email: marcy.kurtz@bgllp.com<br><br>William Alfred Wood, III<br>Bracewell & Giuliani LLP<br>711 Louisiana St, Ste 2300<br>Houston, TX 77002<br>713-221-1416<br>Fax : 713-221-1212<br>Email: trey.wood@bgllp.com | <u>*Deep Marine Liquidating Trust*</u><br>John Bittner, Liquidating Trustee<br>Grant Thornton LLP<br>1717 Main Street<br>Suite 1500<br>Dallas TX 75201<br>214-561-2300<br>Fax: 214-561-2370<br>Email: John.Bittner@GT.com |
| --- | --- |
| <u>*Counsel for Defendant – Noble Denton Marine, Inc.*</u><br>Jeff Goebel<br>GL Noble Denton, Inc.<br>5177 Richmond Ave<br>Suite 900<br>Houston, TX 77056<br>281-657-2265<br>Fax: 713-586-7007<br>Email: jeff.goebel@nobledenton.com | <u>*Counsel for Defendant – BNA Marine Services, LLC*</u><br>David W. Barry<br>Barry & Sewart, PLLC<br>4151 Southwest Freeway<br>Suite 680<br>Houston, TX 77027<br>713-722-0281<br>Fax : 713-722-9786<br>Email: bankruptcy@barryandsewart.com |
| <u>*Counsel for Defendant – Otto Candies, LLC*</u><br>Thomas S Henderson, III<br>Thomas S Henderson, Attorney at Law<br>711 Louisiana, Ste 3100<br>Houston, TX 77002<br>713-227-9500<br>Fax: 713-620-3023<br>Email: thenderson@tsh-atty.com | <u>*Counsel for Defendant – B&J Martin, Inc.*</u><br>Jacques P. DeGruy<br>Mouledoux, Bland, Legrand & Brackett<br>701 Poydras St., Ste 4250<br>New Orleans, LA 70139<br>504-595-3000<br>Fax: 504-522-2121 |

914853-1

| | |
|---|---|
| **Defendant – NREC Power Systems, Inc.*<br>5222 Hwy 311<br>Houma, LA 70360-2878 | *Counsel for Defendant – CapRock Communications, Inc.*<br>Edward L Rothberg<br>Hoover Slovacek, LLP<br>5847 San Felipe, Suite 2200<br>Houston, TX 77057<br>713-977-8686<br>Fax : 713-977-5395<br>Email: rothberg@hooverslovacek.com |
| *Counsel for Defendant – Bollinger Shipyards Texas City, LP*<br>Stephen Lynn Williamson<br>Montgomery Barnett et al<br>1100 Poydras, Ste 3300<br>New Orleans, LA 70163<br>504-585-3200<br>Email: swilliamson@monbar.com | *Counsel for Defendant – Bollinger Fourchon, LLC*<br>Andrew T. Lilly<br>Montgomery Barnett, LLP<br>3300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163<br>504-585-7637<br>Fax: 504-200-8937<br>Email: alilly@monbar.com<br><br>Ryan Matthew McCabe<br>Montgomery Barnett L.L.P.<br>3300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163<br>504-585-7683<br>Fax: 504-200-8983<br>Email: rmccabe@monbar.com<br><br><br>Stephen Lynn Williamson<br>Montgomery Barnett et al<br>1100 Poydras<br>Ste 3300<br>New Orleans, LA 70163<br>504-585-3200<br>Email: swilliamson@monbar.com |
| *Counsel for Defendant – Aramark U.S. Offshore Services, LLC*<br>Angela Sheffler Abreu<br>McCarter & English | *Counsel for Defendant – Crossmar, Inc.*<br>Andrew T. Lilly<br>Montgomery Barnett, LLP<br>3300 Energy Centre |

914853-1

12

13

| | |
|---|---|
| Four Gateway Center<br>100 Mulberry<br>Newark, NJ 07102<br>973-848-5378<br>Email: aabreu@mccarter.com | 1100 Poydras Street<br>New Orleans, LA 70163<br>504-585-7637<br>Fax: 504-200-8937<br>Email: alilly@monbar.com<br><br>Ryan Matthew McCabe<br>Montgomery Barnett L.L.P.<br>3300 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163<br>504-585-7683<br>Fax: 504-200-8983<br>Email: rmccabe@monbar.com<br><br>Stephen Lynn Williamson<br>Montgomery Barnett et al<br>3300 Energy Centre<br>1100 Poydras<br>New Orleans, LA 70163<br>504-585-3200<br>Email: swilliamson@monbar.com |

914853-1