IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **DEEP MARINE HOLDINGS, INC., et al.** | § § | Case No. 19-39313 |
| Debtor | § § | (Chapter 11) |

| | | |
|---|---|---|
| **DEEP MARINE 1, LLC** | § § | |
| Plaintiff | § § | |
| v. | § § | Adversary No. 10-3271 |
| **THE DEEP MARINE LIQUIDATING TRUST, et al.** | § § § | |
| Defendants | § | |

### RESPONSE OF OTTO CANDIES, LLC TO GENERAL ELECTRIC CAPITAL CORPORATION'S MOTION TO DISMISS DEEP MARINE 1, LLC AND REALIGN THE PARTIES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Otto Candies, LLC ("Candies"), Defendant herein, and for its Response to General Electric Capital Corporation's ("GECC") Motion to Dismiss Deep Marine 1, LLC and Realign the Parties (the "GECC Motion") would respectfully show the Court as follows:

1.  Candies adopts the position asserted by Deep Marine 1, LLC, the Plaintiff herein, that no need will be served by the proposed dismissal and realignment of the parties at this point in this adversary proceeding.

2.  Moreover, GECC essentially described the lack of need for the proposed dismissal and realignment of the parties in Paragraphs 23 through 25 of the Motion, wherein it is plead:

23. It is well settled that federal courts are not bound by the alignment of the pleader as to which parties will be plaintiffs and defendants. *Peters v. Standard Oil Co. of Texas*, 174 F.2d 162, 163 (5th Cir. 1949). Rather, the court will determine the relation of each party to the suit according to the nature of the party's interest. *Id.*; *Helm v. Zarecor*, 222 U.S. 32, 32 S.Ct. 10, 56 L.Ed. 77 (1911); *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

24. The difficulty of proving the non-existence of facts, or of establishing facts with evidence which is likely to be more accessible to the defendant are factors which courts have considered in the allocation of proof issues in bankruptcy matters. *Imel v. United States*, 169 B.R. 37, 38 (W.D. Tex. 1994) (citing *In re Haggerty*, 165 F.2d 977, 979 (2d Cir. 1948)).

25. In determining whether to realign parties the court is not limited to the pleadings but must look beyond the pleadings to arrange the parties according to their interest in the suit. *Commercial Computer Services v. Datapoint Corp.*, 641 F. Supp. 1579, 1581 (M.D. La. 1986) (citing *City of Dawson v. Columbia Ave. Savings Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905)).

3. There is, in the view of Candies, no need for the proposed realignment of the parties, as well as the superfluous dismissal of Deep Marine 1, LLC from the litigation. Rather, the myriad of countervailing burdens of proof and the relative rights of the parties can be addressed by the Court either formally, if necessary, at a later date, or, given the likelihood of shifting burdens in the course of the actual trial of these matters,

by the Court and the parties as those proceedings develop.

4. Candies accordingly requests that the Court either deny the relief requested by GECC or that it defer action on the issue until a point later in the proceedings when the alignment of the parties and the allocation of the burden(s) of proof are ripe for the Court's consideration.

DATED: September 23, 2010

THOMAS S. HENDERSON, Attorney At Law

By: _____
Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile: (713) 620-3023

COUNSEL FOR OTTO CANDIES, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served on the parties receiving notice by the Court's ECF filing system on the 23rd day of September, 2010.

_____
Thomas S. Henderson