IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § § | Case No. 09-39313 |
| | § § | Jointly Administered |
| Debtors. | § | Chapter 11 |

| | | |
|---|---|---|
| DEEP MARINE 1, LLC | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 10-03271 |
| THE DEEP MARINE LIQUIDATING TRUST (AS SUCCESSOR TO DEEP MARINE TECHNOLOGY INCORPORATED, DEEP MARINE HOLDINGS, INC., DEEP MARINE 1, LLC, DEEP MARINE 2, LLC, DEEP MARINE 3, LLC, AND DEEP MARINE 4, LLC); GENERAL ELECTRIC CAPITAL CORPORATION; NOBLE DENTON MARINE, INC.; BNA MARINE SERVICES, LLC; OTTO CANDIES, LLC; B&J MARTIN, INC.; NREC POWER SYSTEMS, INC.; CAPROCK COMMUNICATIONS, INC.; BOLLINGER SHIPYARDS TEXAS CITY, LP; BOLLINGER FOURCHON, LLC; ARAMARK US OFFSHORE SERVICES, LLC; AND CROSSMAR, INC. | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ANSWER AND AMENDED CROSS-CLAIM OF OTTO CANDIES, L.L.C., TO THE AMENDED COMPLAINT TO INTERPLEAD FUNDS, ETC., FILED BY DEEP MARINE 1, LLC

**NOW COMES** defendant, Otto Candies, L.L.C. ("Otto Candies"), and answers the Original Complaint of Deep Marine 1, LLC.

1. Otto Candies admits the allegations contained in Paragraph 1 of the Complaint.

2. Otto Candies admits the allegations contained in Paragraph 2 of the Complaint insofar as said allegations pertain to Otto Candies.

3. Otto Candies avers that the allegations contained in Paragraph 3 of the Complaint contain conclusions of law which require no answer, but if an answer should be required, then Otto Candies admits the allegations of Paragraph 3 upon information and belief.

4. Otto Candies admits the allegations contained in Paragraph 4 of the Complaint.

5. Otto Candies admits the allegations contained in Paragraph 5 of the Complaint.

6. Otto Candies admits the allegations contained in Paragraph 6 of the Complaint.

7. Otto Candies admits the allegations contained in Paragraph 7 of the Complaint.

8. Otto Candies admits the allegations contained in Paragraph 8 of the Complaint.

9. Otto Candies admits the allegations contained in Paragraph 9 of the Complaint.

10. Otto Candies admits the allegations contained in Paragraph 10 of the Complaint.

11. Otto Candies admits the allegations contained in Paragraph 11 of the Complaint.

12. Otto Candies admits the allegations contained in Paragraph 12 of the Complaint.

13. Otto Candies admits the allegations contained in Paragraph 13 of the Complaint that General Electric Capital Corporation filed a $13,796,587.31 secured claim against the DMT Diamond, but denies that the General Electric Capital Corporation's claim has priority over Otto Candies' preferred maritime lien for seaman's wages.

14. Otto Candies admits that it filed a secured claim in the amount of $5,668,890.54 against the DMT Diamond and avers that this amount consists of the following:

| | | |
|---|---|---|
| 1. | crew wages and benefits: | $3,275,928.49 |
| 2. | insurance, repairs, maintenance, other expenses, and overhead: | $1,415,711.40 |
| | Subtotal: | $4,691,639.89 |
| 3. | Interest on amount due through December 3, 2009: | $ 977,250.65 |
| | Total Claim | $5,668,890.54 |

Otto Candies reserves the right to amend its Proof of Claim to include interest through present and collection costs.

15. Otto Candies denies the allegations contained in Paragraph 15 of the Complaint for lack of information sufficient to justify a belief as to the truth of said allegations

16. Otto Candies admits the allegations contained in Paragraph 16 of the Complaint that Liquidating Trust, as successor to DMT, claims an interest in the Diamond Proceeds by virtue of DMT's ownership of the Diamond ROV, but denies that the Liquidating Trust's interest takes priority over Otto Candies' maritime lien against the DMT Diamond and her equipment and appurtenances.

17. Otto Candies admits the allegations contained in Paragraph 17 of the Complaint that Liquidating Trust is asserting a surcharge claim under 11 U.S.C. § 506(d) against the DMT Diamond, but objects to the methodology proposed to be used to allocate surcharge claim and denies that the Liquidating Trust's surcharge claim should be paid in preference and priority to the maritime liens of Otto Candies.

18. Otto Candies admits the allegations contained in Paragraph 18 of the Complaint that the remaining Defendants have filed secured claims alleging a maritime lien or other lien against the DMT Diamond, but denies that the remaining Defendants' claims take preference and priority over the claims of Otto Candies.

19. Otto Candies avers that the allegations contained in Paragraph 19 of the Complaint do not require an answer but if an answer should be required, then Otto Candies re-avers its responses and defenses to the Paragraphs 1 through 17 of the Complaint.

20. Otto Candies avers that the allegations contained in Paragraph 20 of the Complaint require no answer, but if an answer should be required, Otto Candies avers that it is entitled in preference and priority to payment of its claims from the proceeds of the DMT Diamond sale.

21. The allegations contained in Paragraph 21 of the Complaint require no answer, but if an answer should be required, then Otto Candies re-avers and realleges its responses and defenses to Paragraphs 1 though 19 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint require no answer, except to aver that the claims of Otto Candies are entitled to preference and priority over the claims of other defendants.

23. The allegations contained in Paragraph 23 of the Complaint require no answer, but if an answer should be required, then Otto Candies re-avers and realleges its responses and defenses to Paragraphs 1 through 21 of the Complaint.

24. In response to the allegations contained in Paragraph 24 of the Complaint, Otto Candies avers that it has both preferred and general maritime liens against the DMT DIAMOND and her equipment and appurtenances, and that its claims should be paid in preference and priority to other Defendants.

25. The allegations contained in Paragraph 25 of the Complaint require no answer, but if an answer should be required, then Otto Candies avers that it is entitled to be paid, in preference and priority over the claims of the other Defendants, out of the proceeds from sale of the DMT DIAMOND and her equipment and appurtenances.

## AMENDED CROSS-CLAIM

**NOW COMES** Otto Candies, L.L.C. ("Otto Candies") and assuming the position of Cross-Claimant, cross claims against General Electric Capital Corporation, Noble Denton Marine, Inc., BNA Marine Services, LLC, B&J Martin, Inc., NREC Power Systems, Inc.,

Caprock Communications, Inc., Bollinger Shipyards Texas City, LP, Bollinger Fourchon, LLC, Aramark US Offshore Services, LLC, Crossmar, Inc., and Lafourche Parish Sheriff's Office, Sheriff Craig Webre, Ex-Officio Tax Collector, and avers as follows:

1. On April 22, 2005, Otto Candies entered into a Vessel Operating Agreement (the "Agreement") with Deep Marine 1, LLC/DMT to crew and maintain the DMT DIAMOND. The initial term of the Agreement was thirty-six months. Pursuant to the Agreement, Otto Candies paid the wages and benefits to the crew for the DMT DIAMOND, and provided other necessaries to DMT DIAMOND, the including maintenance, repairs and insurance.

2. A preferred maritime lien primes a preferred ship-mortgage lien, 46 U.S.C. § 31326 (b)(1).

3. A preferred maritime lien is defined in 46 U.S.C. § 31301 (5)(D), and this term includes a claim for wages of the crew.

4. A party providing necessaries to a vessel acquires a general maritime lien on the vessel, 46 U.S.C. § 31342.

5. Pursuant to the terms of the Agreement, Otto Candies provided wages and benefits to the crew for which it has not been reimbursed by the Debtor, and for which Otto Candies has a preferred maritime lien against the proceeds of the sale of the DMT Diamond in the amount of $3,275,928.49, plus accrued interest, which totals $1,015,269.56 through July 16, 2010, and fees as allowed by law. (See attached Exhibit A)

6. Pursuant to 46 U.S.C. § 31326 (b)(1), Otto Candies is entitled to payment of $4,291,198.05, plus any additional accrued interest and fees allowed by law, from the proceeds of the sale of M/V DMT DIAMOND in preference and priority to all Cross-Defendants.

7. In addition to crew wages, Otto Candies provided necessaries to M/V DMT DIAMOND, including repairs and maintenance, insurance, other expenses and incurred operational costs in conjunction with its operations and crewing of the DMT DIAMOND for which it has not been paid by the Debtor and for which Otto Candies has a general maritime lien against the proceeds of the sale of the DMT Diamond in the amount of $1,415,711.40, plus accrued interest, which totals $489,779.52 through July 16, 2010. (See attached Exhibit A)

8. Pursuant to 46 U.S.C. § 31342, Otto Candies has a general maritime lien and is entitled to payment in the amount of $1,905,490.92, plus any additional accrued interest and fees allowed by law, from the proceeds of the sale of M/V DMT DIAMOND in preference and priority to all Cross-Defendants, except to the extent that any Cross-Defendant may have a valid preferred ship-mortgage.

9. Otto Candies neither managed nor controlled M/V DMT DIAMOND, Deep Marine 1, LLC, Deep Marine Technology Incorporated and/or Deep Marine Holdings, Inc., nor was Otto Candies a majority shareholder of any debtor.

10. At the time that Otto Candies entered into the Agreement with Deep Marine 1, LLC to crew and maintain the DMT DIAMOND, Otto Candies owned no stock of any debtor.

**WHEREFORE**, Otto Candies, L.L.C. prays, that after due proceedings had, that (1) there be judgment in favor of Otto Candies, L.L.C. recognizing its preferred maritime lien for crew wages; (2) there be an award to Otto Candies, L.L.C. on its preferred maritime lien in the amount of $4,291,198.05, plus any additional accrued interest and fees allowed by law, to be paid in preference and priority from the proceeds of the sale of the DMT DIAMOND; (3) there be judgment in favor Otto Candies recognizing its general maritime lien for necessaries; (4) there be an award to Otto Candies on its general maritime line in the amount of $1,905,490.92, plus any additional accrued interest and fees allowed by law, to be paid from the proceeds of the sale of the DMT DIAMOND in preference and priority to all Cross-Defendants, except to the extent that any one Cross-Defendant may have a valid first preferred ship-mortgage; and (5) that the Court award any other legal and equitable relief to Otto Candies, as may be appropriate under the circumstances.

**RESPECTFULLY SUBMITTED,**

*/s/Thomas S. Henderson*
**THOMAS S. HENDERSON**
**(TX Bar No. 09432300)**
Attorney at Law
South Tower, Pennzoil Place
711 Louisiana Street, Suite 3100
Houston, Texas 77002-2716

8

Telephone: 713.227.9500
Email: thenderson@tsh-atty.com

– AND –

**DAVID L. CARRIGEE (LA. Bar No. 3892)**
**KARL J. ZIMMERMANN (LA. Bar No. 14481)**
**JENA W. SMITH (LA. Bar No. 25255)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
Telephone: 504.569.2900
Facsimile: 504.569.2099
Email: dcarrigee@bhbmlaw.com
Email: karlz@bhbmlaw.com
Email: smith@bhbmlaw.com

**COUNSEL FOR OTTO CANDIES, L.L.C.**
(B0392473.1)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served electronically upon all counsel of record subscribed to the Court's CM/ECF system in this case on this 7th day of October, 2010.

/s/*Thomas S. Henderson*