IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| **DEEP MARINE HOLDINGS, INC.,** et al. | § § § | Case No. 09-39313 |
| Debtors. | § § § | **Jointly Administered** **Chapter 11** |

| | | |
|---|---|---|
| **DEEP MARINE 1, LLC** | § § § | |
| Plaintiff, | § § | |
| v. | § § | **Adversary No. 10-03271** |
| **THE DEEP MARINE LIQUIDATING TRUST (AS SUCCESSOR TO DEEP MARINE TECHNOLOGY INCORPORATED, DEEP MARINE HOLDINGS, INC., DEEP MARINE 1, LLC, DEEP MARINE 2, LLC, DEEP MARINE 3, LLC, AND DEEP MARINE 4, LLC); et al.** | § § § § § § § § § | |
| Defendants. | § § | |

**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT
AGAINST DEFENDANT LAFOURCHE PARISH SHERIFF'S OFFICE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 23 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE**

HOUSTON\2440311.1

**OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Comes now, John Bittner, as Liquidating Trustee for the Deep Marine Liquidating Trust, as successor to Deep Marine 1, LLC, as plaintiff in this adversary proceeding (the "<u>Trustee</u>"), by and through his undersigned attorneys, and respectfully files this Motion for Entry of Default and Default Judgment against Defendant Lafourche Parish Sheriff's Office (the "<u>Motion</u>").

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is a proceeding arising in or related to a case under the Bankruptcy Code. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 cases this proceeding relates to are pending in this district and division.

## II. RELEVANT BACKGROUND

**A. Procedural Background**

2. On June 16, 2010, Deep Marine 1, LLC (the "<u>DM1</u>") initiated this adversary proceeding by filing its *Original Complaint (I) to Interplead Funds, (II) to Determine Extent, Validity, and Priority of Claims to Proceeds of the DMT Diamond, and (III) to Determine Ownership of Related Equipment and Properly Allocate Proceeds from Sale Thereof*, (doc. no. 1) (the "<u>Original Complaint</u>"). On September 17, 2010, DM1 filed its *Amended Complaint (I) to Interplead Funds, (II) to Determine Extent, Validity, and Priority of Claims to Proceeds of the DMT Diamond, and (III) to Determine Ownership of Related Equipment and Properly Allocate Proceeds from Sale Thereof*, (doc. no. 84) (the "<u>Amended Complaint</u>"). By the Amended

Complaint, DM1 added the Lafourche Parish Sheriff's Office ("Lafourche Parish") as a defendant to this adversary.

3.      On September 20, 2010, the clerk of the United States Bankruptcy Court for the Southern District of Texas (the "Court") issued a Summons in an Adversary Proceeding (doc. no. 87) (the "Summons") as to Lafourche Parish.  The Summons is attached hereto as **Exhibit A.**  Lafourche Parish was timely served with the Summons and a copy of the Amended Complaint by United States Certified Mail, Return Receipt Requested on September 21, 2010, as evidenced by the Certificate of Service of Summons on Lafourche Parish (doc. no. 96) filed by DM1 on October 8, 2010.  The Certificate of Service of Summons is attached hereto as **Exhibit B.**

4.      Lafourche Parish has not filed a responsive pleading or otherwise defended this action.

## B.  Factual Background

5.      DM1 filed its petition for relief under chapter 11 of the Bankruptcy Code on December 4, 2009 (the ("Petition Date").

6.      Prior to the Petition Date, DM1 received a tax statement for 2008 from Lafourche Parish (the "2008 Tax Statement").  The 2008 Tax Statement provides that $140,662.36 is due from DM1 to Lafourche Parish on account of *ad valorem* taxes owed for the DMT Diamond.  DM1 later received a Delinquent Tax Notice from Lafourche Parish stating that $144,897.98 was due for 2008 *ad valorem* taxes owed on behalf of the DMT Diamond.  DM1 disputed the 2008 Tax Statement.

7.      On January 4, 2010, DM1 filed its schedules and statement of financial affairs in Case No. 09-39315.  On February 12, 2010, DM1 amended certain of its schedules, including

"Schedule E – Creditors Holding Unsecured Priority Claims." On its amended Schedule E, DM1 listed Lafourche Parish with a claim amount of $144,897.98.

8. Since filing its amended Schedule E, DM1 has learned that its challenge to the 2008 Tax Statement has been successful. Specifically, Lafourche Parish has changed the assessed value of the DMT Diamond for tax year 2008 to zero (see attached **Exhibit C**). This is based on the fact that the DMT Diamond was not located in the Lafourche Parish tax jurisdiction at the time 2008 *ad valorem* taxes were assessed.

9. Consequently, DM1 has filed a second amended "Schedule E – Creditors Holding Unsecured Priority Claims" and listed Lafourche Parish with a claim of zero.

10. DM1 never received a tax statement from Lafourche Parish for 2009 and does not believe that any taxes are owing for that year.

11. Lafourche Parish is a government entity and therefore not a person currently in military service.

### III. RELIEF REQUESTED AND BASIS THEREFOR

**A. Entry of Default**

12. Federal Rule of Civil Procedure ("Civil Rule") 55 as made applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7055 provides that the clerk must enter a default against a party who has failed to file a responsive pleading or otherwise defend the lawsuit. FED. R. BANKR. P. 7055(a). Bankruptcy Rule 7012 provides, in relevant part, that "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons . . ." FED. R. BANKR. P. 7012.

13. The Amended Complaint was timely served on Lafourche Parish after the issuance of the Summons, Lafourche Parish failed to file a responsive pleading within thirty (30) days of September 20, 2010 (the date the Summons was issued) and Lafourche Parish did not

otherwise defend the lawsuit. Accordingly, the clerk should enter a default against Lafourche Parish.

## B. Entry of Default Judgment

14. The Amended Complaint seeks a judgment that determines the extent, validity and priority of all claims against the proceeds of the DMT Diamond.

15. Lafourche Parish has defaulted by failing to appear in this adversary proceeding, as evidenced by the Affidavit of Jason G. Cohen attached hereto as **Exhibit D** and fully incorporated herein. The Summons provides that a failure to respond will be deemed to be consent to entry of a judgment by the Court and that judgment by default may be taken for the relief demanded in the complaint. (*See* Summons attached as Exhibit A). Accordingly, DM1 requests that the Court enter a default judgment against Lafourche Parish pursuant to the terms of a final judgment that denies any claim associated with the DMT Diamond and/or the proceeds of the DMT Diamond. *See* FED. R. BANK. P. 7055(b)(2).

## IV.  CONCLUSION

WHEREFORE, premises considered, DM1 respectfully requests (i) that the clerk of Court enter a default and (ii) that the Court enter a default judgment against Lafourche Parish in the form of order attached hereto.

          **BRACEWELL & GIULIANI LLP**

    By:  */s/ Jason G. Cohen*
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone:    (713) 223-2300
        Facsimile:    (713) 221-1212

          **ATTORNEYS FOR DEEP MARINE 1, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 17, 2010, a true and correct copy of this document was served by electronic means as listed on the court's ECF noticing system, and by United States first class mail, postage prepaid, on the party listed below.

    Lafourche Parish Sheriff's Office
    Attn: Sheriff Craig Webre
    200 Canal Blvd.
    Thibodaux, LA 70301

        */s/ Jason G. Cohen*
          Jason G. Cohen