IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § § | Case No. 09-39313 |
| | § | Jointly Administered |
| Debtors | § | Chapter 11 |

| | | |
|---|---|---|
| THE DEEP MARINE 1, LLC | § § § § | |
| Plaintiff | § § § | |
| v. | § § | Adversary No. 10-03271 |
| THE DEEP MARINE LIQUIDATING TRUST (AS SUCCESSOR TO DEEP MARINE TECHNOLOGY INCORPORATED, DEEP MARINE 1, LLC, DEEP MARINE 2, LLC, DEEP MARINE 3, LLC, AND DEEP MARINE 4, LLC); GENERAL ELECTRIC CAPITAL CORPORATION; NOBLE DENTON MARINE, INC.; BNA MARINE SERVICES, LLC; OTTO CANDIES, LLC; B&J MARTIN, INC.; NREC POWER SYSTEMS, INC.; CAPROCK COMMUNICATIONS, INC; BOLLINGER SHIPYARDS TEXAS CITY, LP; BOLLINGER FOUCHON, LLC; ARAMARK US OFFSHORE SERVICES, LLC; AND CROSSMAR, INC. | § § § § § § § § § § § § § § § § § § § § | |
| Defendants | § | |

**OTTO CANDIES, L.L.C.'S OPPOSITION TO
GENERAL ELECTRIC CAPITAL CORPORATION'S
MOTION TO DISBURSE UNDISPUTED FUNDS
<u>FROM THE REGISTRY OF THE COURT</u>**

**NOW COMES** Otto Candies, L.L.C. ("Otto Candies"), and files this opposition to General Electric Capital Corporation's ("GECC") Motion to Disburse Undisputed Funds from the Registry of the Court.

1. On December 30, 2010, GECC filed a Motion to Disburse Undisputed Funds from the Registry of the Court. The Motion seeks to have the Court issue an order directing the Clerk of Court to disburse $3.4 million to GECC from the registry of the Court. GECC alleges that this amount is undisputed and therefore GECC is entitled to receive these funds as the holder of the first preferred ship mortgage.

2. Otto Candies opposes GECC's motion on the basis that all or most of the amount that GECC's Motion seeks to have disbursed is in fact disputed and subject to claims senior to GECC's first preferred ship mortgage, and therefore these funds should not be distributed until all claims having priority over GECC's first preferred ship mortgage have been paid.

3. Specifically, Otto Candies submits to the Court that the $3.4 million in funds that GECC seeks to have disbursed are subject to the following claims that would take preference and priority over GECC's claim.

    (a) Otto Candies' claims for necessaries that, as a matter of law, prime GECC's preferred ship mortgage;

    (b) Interest on Otto Candies' preferred claims, which is still accumulating;

    (c) Any attorney fees awarded Otto Candies; and

    (d) Any additional surcharge claimed by the Trustee that would have to be paid.

4. By way of background, Otto Candies filed its Proof of Claim and Notice pursuant to 11 U.S.C. 546(b) on February 19, 2010, setting forth a secured claim against Motor Vessel DMT DIAMOND in the amount of $5,668,890.54. The basis of the claim is noted as "Reimb for seaman wages," and showing an annual interest rate of 18%.

5. On July 19, 2010, Otto Candies filed an amended Proof of Claim and an amended Notice pursuant to 11 U.S.C. 546(b), simply to clarify the basis of the claim as "Reimb for seaman wages and other necessaries." The amount of Otto Candies' preferred maritime lien claim, as set forth in its Proof of Claim and amended Proof of Claim, remained at $5,668,890.54.

6. Otto Candies preferred maritime lien is not, as GECC alleges, reduced to $4,291,198.05 for the reimbursements of crew wages. Otto Candies will seek to recover as a preferred maritime lien the full amount owed to Otto Candies for both the reimbursement for seaman wages and for necessaries furnished to M/V DMT DIAMOND.[1]

7. Otto Candies not only has a preferred maritime lien for crew wages, but also it has a preferred maritime lien for necessaries furnished to M/V DMT DIAMOND, as these necessaries were furnished to the vessel pursuant to a maritime contract between Otto Candies and Deep Marine Technology, Inc., dated April 22, 2005.

8. Under 46 U.S.C. § 31301(5)A., a preferred maritime lien includes not only claims for crew wages, but also those general maritime liens that arise before the filing of the preferred ship mortgage. By statute, a preferred maritime lien takes preference and priority over a preferred ship mortgage.

---

[1] In its Answer and Amended Cross Claim to the Amended Complaint to Interplead Funds, Otto Candies did not allege a preferred maritime lien with respect to the necessaries at that time, but it is clear that this intent is set forth in the Proof of Claim and the Notice pursuant to 11 U.S.C. 546(b). Subsequent legal research confirms its view that the law affords Otto Candies a preferred lien status on its maritime liens for necessaries that pre-date GECC's preferred ship mortgage. Otto Candies had informed GECC of its position and intends to amend its Answer and Cross Claim to conform to its legal right to assert a preferred maritime lien for necessaries.

9. GECC's preferred ship mortgage was granted November 30, 2006.

10. Clearly, the maritime contract between Otto Candies and Deep Marine Technology, Inc., under which Otto Candies furnished necessaries to M/V DMT DIAMOND, precedes the date of the mortgage.

11. As discussed in *Bank One, Louisiana N.A. v. Mr. Dean M/V,* 293 F.3d 830 (5th Cir 2002), a maritime lien attaches as of the commencement of the undertaking, and any subsequent breach for non payment for services relates back to that time.

12. Based on the law of the Fifth Circuit, because Otto Candies' maritime lien for necessaries existed as of April 22, 2005, its maritime lien pre-dates GECC's preferred ship mortgage and as such Otto Candies claim for necessaries constitutes a preferred maritime lien that must be paid in preference and priority to GECC's preferred ship mortgage.

13. The following is the amount that Otto Candies understands was placed in the registry of the Court, along with claims asserted against these funds.

| | |
|---|---:|
| Funds Placed in Registry of Court | $10,046,778 |
| Claims against Funds: | |
| Surcharge Claim by Trustee | $1,663,091 |
| Bunkers & Lube owned by DMT | $113,181 |
| Claim for Launch Recovery Sys. | $500,000 |
| Otto Candies Pref. Maritime Lien | $5,668,890 |
| Additional Interest to date (approx 20%) | $1,338,778 |
| Future Interest on Otto Candies Claim | (undetermined) |
| Otto Candies Attorney Fees | (undetermined) |
| Add. Surcharge Claim of Trustee | <u>(undetermined)</u> |

Current Known Claim Amounts $9,283,940

Current Estimated Balance against which
Attorney Fees & Additional Surcharges
may be claimed **$762,838**

14. As shown above, there would only be $762,838 remaining to pay Otto Candies future interests, attorney fees and any additional surcharge claims that may be submitted by the Trustee.

Therefore, based on the forgoing, Otto Candies opposes any distribution of funds to GECC from the registry of the Court until such time as all claims that have preference and priority over GECC's preferred ship mortgage have been paid in full.

Respectfully submitted,


By: *David L. Carrigee*
David L. Carrigee (La. Bar No. 3892)
Karl J. Zimmermann (La. Bar No. 14481)
Jena W. Smith (La. Bar No. 25255)
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
Telephone:    504.569.2900
Facsimile:    504.569.2099

– AND –

Thomas S. Henderson (TBA No. 09432300)
South Tower, Pennzoil Place
711 Louisiana Street, Suite 3100
Houston, Texas 77002-2716
Telephone:    713.227.9500
Facsimile:    713.620-3023


**COUNSEL FOR OTTO CANDIES, L.L.C.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served electronically upon all counsel of record subscribed to the Court's CM/ECF system in this Adversary Proceeding on this 19th day of January, 2011.

*/s/ David L. Carrigee*