UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DEEP MARINE HOLDINGS, INC., et al. | § § | CASE NO. 09-39313-H1-11 |
| | § | (Chapter 11) |
| Debtor | § | (Consolidated) |

| | | |
|---|---|---|
| DEEP MARINE 1, LLC | § | |
| Plaintiff | § § | |
| V. | § | ADVERSARY NO. 10-3271 |
| | § | |
| THE DEEP MARINE LIQUIDATING TRUST, ET AL. | § § | |
| Defendants, | § | |

**MOTION FOR RECONSIDERATION AND/OR NEW TRIAL, IN THE ALTERNATIVE, FOR ISSUANCE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

NOW COMES, Otto Candies, LLC ("Otto Candies") and respectfully moves for Reconsideration and/or New Trial with respect to the Order Granting General Electric Capital Corporation's Motion to Disburse Undisputed Funds from the Registry of the Court ("Motion to Disburse Funds") for the reasons more fully set forth below. Should the Court deny Otto Candies' Motion for Reconsideration and/or New Trial, Otto Candies respectfully moves the Court to issue Findings of Fact and Conclusions of Law with Respect to the Court's Ruling of January 27, 2011.

1. The captioned adversary proceeding was filed by the bankruptcy estate of Deep Marine 1, LLC for the purpose of obtaining, among other things, a determination of the entitlement among competing lien claimants to payment from the sales proceeds (the "Proceeds") of the sale of the DMT Diamond. The dispute over the Proceeds centers on the validity and preference of Otto Candies liens over those asserted by GECC.

2. On January 27, 2011, the Court entered its Order [Doc. 984, Case No. 09-39313] (the "Disbursement Order") in the main case herein, granting General Electric Capital Corporation's Motion to Disburse Undisputed Funds from the Registry of the Court (the "Disbursement Motion") and instructed the Clerk of Court to disburse $3.4 million, a portion of the Proceeds, to General Electric Capital Corporation ("GECC") from the Registry of the Court. A copy of the Disbursement Order is attached as <u>Exhibit 1</u>.

3. Otto Candies requests that the Court reconsider its ruling and/or grant a new trial on the disbursement of these funds as there is a genuine dispute over the claim of entitlement to the funds, and justice and fairness require the complete adjudication of the disputed issues.

4. Otto Candies timely filed an opposition to the Disbursement Motion, but apparently the Court was not made aware of Otto Candies's opposition due to certain filing irregularities.

5. The filing irregularities arose from the following sequence of events:

- On September 27, 2010, the Court, on GECC's Expedited Motion to Compel Interpleader of Sales Proceeds into Registry of Court [doc 89, Adv No. 10-03271] (the "Interpleader Motion"), *filed by GECC in the captioned adversary proceeding*, entered its Order [doc 91, Adv No. 10-03271] (the "Interpleader Order"), *docketed in the captioned adversary proceeding*, that required the funds to be deposited in the Registry of the Court;

- On December 30, 2010, GECC filed the Disbursement Motion. Despite that all prior actions relating to the Proceeds had been filed in the adversary proceeding, and despite the fact that the Disbursement Motion bore the style of the adversary proceeding, *GECC filed the Disbursement Motion in the main bankruptcy case*.

- On January 19, 2011, Otto Candies timely filed its Opposition to GE's Motion to Disburse Funds [doc. 130, Adv No. 10-03271], which was properly filed in the adversary proceeding. A copy of the Opposition is attached as Exhibit 2.

- On January 27, 2011, the Court entered the Disbursement Order granting the release of the "undisputed" funds to GECC. *Though likewise bearing the style of the adversary proceeding, the Disbursement Order was docketed in the main bankruptcy case*.

6. It was not until after the entry of the Disbursement Order that Otto Candies became aware that GECC, apparently inadvertently, had filed the Disbursement Motion in the main case. This awareness arose from the proceedings related to GECC's currently pending Motion for Partial Summary Judgment.

7. On January 6, 2011, GECC filed a Motion for Partial Summary Judgment on the validity of Otto Candies' preferred maritime lien. As with the Disbursement Motion, though addressing issues at the center of the adversary proceeding, and displaying the style of that

proceeding, GECC also inadvertently filed its Motion for Partial Summary Judgment [doc. 984, No. 09-39313] in the main bankruptcy case, and not in the adversary proceeding.

8.  It was in the course of filing its Opposition to GE's Motion for Partial Summary Judgment in the evening of January 27, 2011, *the day the Disbursement Order was entered*, that counsel for Otto Candies noticed that GE's Motion was erroneously filed in the main bankruptcy case and not in the Interpleader Proceedings. Out of an abundance of caution, Otto Candies filed its opposition to GECC's Motion to Partial Summary Judgment in both the main bankruptcy case [doc. 1016] and the adversary proceeding [doc. 131]. A copy of Otto Candies Opposition to the Motion for Partial Summary Judgment is attached as Exhibit 3.

9.  On or about January 28, 2011, counsel for Otto Candies informed Counsel for GECC that its Motion for Partial Summary Judgment was erroneously filed in the main bankruptcy case and not the adversary proceeding.

10.  After being apprised of this circumstance, on February 3, 2010, counsel for GECC arranged for the Court transfer its Motion for Partial Summary Judgment and it was re-filed in the adversary proceeding.

11.  Also on February 3, 2011, counsel for Otto Candies informed counsel for GECC that Otto Candies would be filing this motion to reconsider and/or for new trial.

12.  On that same date, at a time *when the Disbursement Order was not final and stayed from enforcement/implementation* pursuant to Fed R. Civ. P. 62(a), made applicable herein pursuant to Fed R. Bankr. P. 7062, counsel for GECC requested the Clerk of Court disburse funds to GE in the amount of $3.4 million pursuant to the Disbursement Order, which funds were part of the Proceeds deposited under the Interpleader Order *entered in the adversary proceeding*. The Clerk's office did so, and counsel for GECC personally picked up the check from the Clerk's office.

13. There are valid issues in dispute as to the rights to these funds that the Court has ordered disbursed. This dispute is evident in both Otto Candies' Opposition to GE's Motion to Disburse Funds and Otto Candies' Opposition to GE's Motion for Partial Summary Judgment.

14. If the Court's ruling on disbursement of the funds stands, and at a later date the Court rules in Otto Candies' favor as to its preferred maritime lien, there will be insufficient funds in the Registry of the Court to pay Otto Candies claim, with interest, in full. Attached as <u>Exhibit 4</u> is a spreadsheet, which sets forth the amount that Otto Candies would be entitled to receive along with the estimated interest. This exhibit alone should demonstrate to the Court that the funds that the Court ordered disbursed are not undisputed as claimed by GECC.

15. Because of the irregularities that occurred in manner in which the Disbursement Motion was filed, the Court apparently did not have the benefit of Otto Candies' position.

16. Otto Candies respectfully submits that justice and fairness require that Otto Candies have an opportunity to present its side of the issues, and accordingly requests that the Court vacate the Disbursement Order and/or order a new trial on the issue of their disbursement.

17. Should the Court deny Otto Candies' Motion for Reconsideration and/or New Trial, Otto Candies respectfully requests that the Court, pursuant to Fed. R. Civ. P. 52(a)(1), made applicable herein by Fed. R. Bankr. P. 7052, issue findings of fact and conclusions of law with respect to its granting of the Disbursement Motion.

Dated: February 10, 2011

THOMAS S. HENDERSON, Attorney At Law

By: _/s/ T.S. Henderson_

  Thomas S. Henderson (TBA No. 09432300)

South Tower, Pennzoil Place
711 Louisiana, Suite 3100
Houston, Texas 77002-2716
Telephone: (713) 227-9500
Facsimile:  (713) 620-3023

– AND –

David L. Carrigee (LA. Bar No. 3892)
Karl J. Zimmermann (LA. Bar No. 14481)
Jena W. Smith (LA. Bar No. 25255)
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre - 22nd Floor
1100 Poydras Street, Suite 2200
New Orleans, Louisiana  70163
Telephone: (504) 569-2900
Facsimile:  (504) 569-2099

**COUNSEL FOR OTTO CANDIES, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all parties having appeared herein by ECF filing on the 10th day of February, 2011.

_/s/ T.S. Henderson_
Thomas S. Henderson