

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/08/2011

| | | |
|---|---|---|
| IN RE: § | | |
| **DEEP MARINE HOLDINGS, INC.,** *et al*, § | | Case No. 09-39313 |
| Debtor(s). § | | |
| § | | Chapter 11 |
| § | | |
| **DEEP MARINE 1, LLC,** *et al*, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | | Adversary No. 10-03271 |
| § | | |
| **DEEP MARINE LIQUIDATING TRUST** § | | |
| **(AS SUCCESSOR TO DEEP MARINE** § | | |
| **HOLDINGS, INC., DEEP MARINE** § | | |
| **TECHNOLOGY INCORPORATED, DEEP** § | | |
| **MARINE 1, LLC, AND DEEP MARINE 2,** § | | |
| **LLC),** *et al*, § | | |
| Defendant(s). § | | Judge Isgur |

## MEMORANDUM OPINION

On February 2, 2011, John Bittner, as Liquidating Trustee for the Deep Marine Liquidating Trust, filed the Motion for Partial Summary Judgment Resolving Claims Related to Bunkers and Lubes (ECF No. 132). The motion dealt with Deep Marine Technology's ("DMT") claim to various bunkers and lubes ("Bunkers & Lubes") that were sold for $113,181.20. As set forth below, the Court grants Bittner's motion for partial summary judgment.

### Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law*

*LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[1]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

---

[1] Rule 56 was amended, effective December 1, 2007. Although most changes were stylistic, the changes to Rule 56(c) were substantive. Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met. Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "[E]ven when a motion for summary judgment is properly made and supported, it need not be granted. Such a motion may be granted— indeed, it should be granted—but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

(5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of*

*Conn.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

The Bunkers & Lubes were located on the DMT Diamond vessel (the "Diamond"). Debtor DM1 owned the Diamond. The Diamond was subsequently sold along with the Bunkers & Lubes. The proceeds of the sale of the Diamond and related equipment have been deposited with the registry of the Court. This adversary proceeding was initiated to (i) to determine the extent, validity, and priority of claims to proceeds of the Diamond, and (ii) to determine the ownership of related equipment (including the Bunkers & Lubes) and properly allocate proceeds from the sale thereof. According to Bittner, although the Bunkers & Lubes were located on property owned by DM1 (i.e. the Diamond), they were at all times the property of DMT.

Bittner has provided evidence of DMT's ownership of the Bunkers & Lubes. *See* Mot. for Summ. J. Exs. A and B. Bittner has also provided evidence that the Bunkers & Lubes were sold for $113,181.20. *See* Mot. for Summ. J. Ex. C. No other party has filed a response to Bittner's motion for summary judgment.[2] Accordingly, the Court determines that Bittner has met his summary judgment burden and grants the motion for partial summary judgment.

---

[2] Bittner also has represented that "[a]s of the filing of this Motion [for summary judgment], the only remaining defendants in this adversary proceeding that make a claim to the proceeds of the sale of the DMT Diamond and the related equipment (other than [Bittner]), are General Electric Capital Corporation ("GECC") and Otto Candies, LLC. [Bittner] has consulted with counsel for GECC and counsel for Otto Candies, LLC, defendants in this case, and neither party contests the relief requested herein."

## Conclusion

A separate judgment will be issued.

SIGNED **March 7, 2011.**

                                                Marvin Isgur
                                   UNITED STATES BANKRUPTCY JUDGE